**SEALED**

BENJAMIN B. WAGNER
United States Attorney
TODD PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2766
Facsimile: (916) 554-2900

**FILED**

OCT 1 2 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING A CELLULAR TELEPHONE ASSIGNED TELEPHONE NUMBER: **(760) 443-6994** | 2:12-SW-0679 EFB<br><br>CASE NO. 2:12-SW-<br><br>ORDER<br><br>**UNDER SEAL** |

This matter came before the Court on an application by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the United States Drug Enforcement Administration (DEA) to ascertain the physical location of the following cellular telephone: (1) **(760) 443-6994**, subscriber unknown, with service provided by Sprint/Nextel (hereinafter **"TELEPHONE #6"**) including but not limited to E-911 Phase II data (or other precise location information) for **TELEPHONE #6** (the "Requested Information"), for a period of thirty (30) days.

The Court finds that there is probable cause to believe that the Requested Information will constitute or lead to evidence of

1  violations of Title 21, United States Code, Sections 841(a)(1) and
2  846, among other offenses, as well as to the identification of
3  individuals who are engaged in the commission of these offenses.  The
4  Court also finds that there is reasonable cause to believe that
5  providing immediate notification of the execution of the warrant may
6  seriously jeopardize an ongoing investigation.  Furthermore, the
7  execution of this warrant will not result in the seizure of any
8  tangible property or any wire or electronic communication (as defined
9  in 18 U.S.C. § 2510).  To the extent that the warrant authorizes the
10 seizure of any stored wire or electronic information, that seizure is
11 expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

12       IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal
13 Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that agents of DEA,
14 beginning at any time within ten (10) days of the date of this Order
15 and for a period not to exceed 30 days, may obtain the Requested
16 Information for **TELEPHONE #6,** with said authority to extend to any
17 time of the day or night as required, including when **TELEPHONE #6**
18 leaves the Eastern District of California; all of said authority
19 being expressly limited to ascertaining the physical location of
20 **TELEPHONE #6**, and expressly excluding the contents of any
21 communications conducted by the user(s) of **TELEPHONE #6.**

22       It is further ORDERED that Sprint/Nextel, the service provider
23 for **TELEPHONE #6**, assist agents of the DEA by providing all
24 information, facilities, and technical assistance needed to ascertain
25 the Requested Information, including initiating a signal to determine
26 the location of the subject's mobile device on Sprint/Nextel's
27 network (or any networks it services or with which it has service
28 contracts) or with such other reference points as may be reasonably

1 available and at such intervals and times as directed by the law
2 enforcement agent serving the order, and furnish the technical
3 assistance necessary to accomplish the acquisition unobtrusively and
4 with a minimum of interference with such services as Sprint/Nextel
5 accords the user(s) of **TELEPHONE #6.**

6     It is further ORDERED that the DEA compensate Sprint/Nextel for
7 reasonable expenses incurred in complying with any such request.

8     It is further ORDERED that the Court's Order and the
9 accompanying Affidavit submitted in support thereof, as they reveal
10 an ongoing investigation, be sealed until further Order of the Court
11 in order to avoid premature disclosure of the investigation, guard
12 against flight, and better ensure the safety of agents and others,
13 except that copies of the Court's Order in full or redacted form may
14 be maintained by the United States Attorney's Office, and may be
15 served on Special Agents and other investigative and law enforcement
16 officers of the DEA, federally deputized state and local law
17 enforcement officers, and other government and contract personnel
18 acting under the supervision of such investigative or law enforcement
19 officers, and Sprint/Nextel as necessary to effectuate the Court's
20 Order.

21     It is further ORDERED that this warrant be returned to the
22 issuing judicial officer within 10 days after the termination of the
23 monitoring period authorized by the warrant.

24     It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and
25 Federal Rule of Criminal Procedure 41(f)(3), service of notice may be
26 delayed for a period of 90 days after the termination of the
27 monitoring period authorized by the warrant or any extension thereof.
28

It is further ORDERED that Sprint/Nextel, its affiliates, officers, employees, and agents not disclose the Court's Order or the underlying investigation, until notice is given as provided above.

DATED: 10-12-2012

HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4